IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MUSTAFA OZUSAMLAR,**

    **Plaintiff,**

v.                                             **Civil Action No.  5:19cv213**
                                                   **(Judge Stamp)**

**F. ENTZEL, Warden,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at FCI Hazelton, filed this action *pro se.* In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees (*in forma pauperis*). Following the issuance of a Notice of Deficient Pleading, the Plaintiff filed a Prisoner Trust Account Report with ledger sheets.

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to

state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va.  June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of Plaintiff's prior civil cases qualify as strikes under this provision. *See Ozsusamlar v. Tulman*, Civil Action No. 08-CV-5824 (KMW) (S.D.N.Y. June 27, 2008) (dismissed for failure to state a claim and warning of consequences of accumulating three strikes);  *Ozsusamlar v. Southwell*,  Civil Action No. 07-CV-5736 (KMW) (S.D.N.Y. June 18, 2007) (dismissed for failure to state a claim and for suing immune defendant), *app. dismissed*,  (No. 0 7-5401-pr (2d Cir. April 17, 2009) (dismissed as frivolous); *Ozsusamlar v. Campanella*, No. 06-CV-5424 (MBM) (S.D.N.Y. July 18, 2006) (dismissed for failure to state a claim).

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The Plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, the Plaintiff alleges that his central file has inaccurate information. It appears that he maintains that this false information has caused him to be incarcerated for twelve years. For relief, he seeks release from the Bureau of Prisons and an award of $1,000,000 for each year that he has been improperly incarcerated.

The Plaintiff does not allege any facts relating to any imminent threat of physical injury. Rather, he sues the Warden regarding information in his central file and attaches numerous letters, grievances and correspondence from the BOP Counter Terrorism Unit, indicating that he is focused on his custody classification as well as his continued incarceration and not on any physical injuries he has suffered or fears that he will suffer.

For the foregoing reasons, the undersigned recommends the Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motions [ECF No. 2 & 9] be **DENIED AS MOOT.** The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The Plaintiff shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas*

3

*v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 2, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE