IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MUSTAFA OZSUSAMLAR,

    Plaintiff,

v.                                Civil Action No. 5:19CV213
                                            (STAMP)

F. ENTZEL, Warden

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PLAINTIFF'S OBJECTION**

I.  Procedural History

The pro se[1] plaintiff, Mustafa Ozsusamlar, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). ECF No. 1. Plaintiff is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia.

The action was referred to United States Magistrate Judge James P. Mazzone for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation recommending that the complaint be dismissed without prejudice and the pending motions be denied as moot. ECF No. 17. The magistrate judge informed the plaintiff that if he objected to any portion of the report and recommendation, he was

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

required to file specific written objections within 14 days after being served with copies of the report and recommendation. Id. at 3. The magistrate judge further informed the plaintiff that failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). ECF No. 17 at 3. The plaintiff then filed a single, general objection. ECF No. 19.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which a specific written objection is timely made. Because the plaintiff filed an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the plaintiff objected. As to those findings to which specific objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

The Prisoner Litigation Reform Act of 1995 ("PLRA") generally prohibits prisoners from filing a complaint under <u>in forma pauperis</u> status if that prisoner filed at least three <u>in forma pauperis</u> cases previously that were dismissed as frivolous. Title 28, United States Code, Section 1915(g) specifically provides as follows:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The magistrate judge found that this section of the PLRA was applicable in this case, and thus recommended dismissal of this civil action.

This Court has conducted a review of the record in this case, as well as the magistrate judge's report and recommendation. This Court has confirmed that, while incarcerated, the plaintiff has filed at least three civil actions or appeals in federal courts which have been dismissed either as frivolous or for failing to state a claim upon which relief may be granted. The only exception to the three strike rule stated above requires plaintiff to demonstrate that an imminent danger of serious physical injury exists. 28 U.S.C. § 1915(g) (2012). This has been demonstrated in neither his complaint nor his objections.

3

In his objection to the report and recommendation, plaintiff does not object to the three strike rule application, but merely states: "I wish to make payments plans to clear the court cost or the $400.00 filing fee." ECF No. 19 at 1. This objection lacks sufficient basis to reverse this Court's adoption of the magistrate judge's report and recommendation. The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. The prisoner must pay the filing fee at the time he initiates the suit. Dupree v. Palmer, 284 Fed 3d 1234, 1237 (11th Cir. 2002); see also Finley v. Doe, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.). Consequently, the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g).

As to plaintiff's general objection, this Court finds that plaintiff has failed to make specific objections to the report and recommendation, and that this Court has conducted an appropriate de novo review of the plaintiff's objection to the report and recommendation as it relates to the filing fee payment requirement. Thus, this Court upholds the magistrate judge's recommendation and overrules the plaintiff's objection.

IV.  Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 17) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, and the motions to proceed in forma pauperis (ECF No. 2) and motion to appoint counsel (ECF No. 9) are DENIED AS MOOT.  Plaintiff's objection (ECF No. 19) is OVERRULED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Plaintiff is hereby ADVISED that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case with payment of the $400.00 filing fee at the time of filing the complaint.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 3, 2019

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE